# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>MICHAEL A. BUFORD,<br><br>　　　　　　　　　　Defendant. | Case No. 12-CR-224-JPS<br><br>**ORDER** |

　　　　On March 28, 2019, the Defendant filed a letter requesting that this Court issue a post-sentencing recommendation to the Federal Bureau of Prisons ("BOP") concerning the amount of community confinement time he should receive at the end of his period of incarceration. (Docket #39). Specifically, Defendant seeks a recommendation from this Court to the BOP that he be placed in a residential reentry center for the final twelve months of his sentence. *Id.* Defendant was sentenced on March 14, 2013 to one-hundred and twenty months' imprisonment after pleading guilty to two counts of drug distribution, in violation of 21 U.S.C. § 841. (Docket #27).

　　　　Title 18 Section 3621(b) of the United States Code provides that the BOP has discretion to place an inmate into "any available penal or correctional facility," including community confinement, and to "direct the transfer of an inmate from one penal correctional facility to another" "at any time." In making its placement determination, the BOP must consider, among other things, "any statement by the court that imposed the sentence . . . concerning the purposes for which the sentence to imprisonment was

determined to be warranted [or] recommending a type of penal or correctional facility as appropriate[.]" 18 U.S.C. § 3621(b)(4).

Title 18 Section 3624(c) of the United States Code, on the other hand, discusses the placement of a prisoner during the final portion of his sentence:

> The Director of the [BOP] shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.

18 U.S.C. § 3624(c)(1). Section 3624 says nothing about the authority of the sentencing court to influence the decision of the BOP regarding a prisoner's placement in the final months of his term of imprisonment.

Therefore, the Court's authority to make a recommendation *at the time of sentencing* regarding Defendant's placement is clear, but the Court's authority to make such a recommendation after sentencing is less so. Even if the Court were to find that it has the authority to make a recommendation to BOP regarding a prisoner's final months of confinement, the Court declines to do so in this case.

Congress has entrusted decisions under Section 3624(c)(1) regarding placement at the end of a prisoner's sentence to the BOP, and rightly so. As a prisoner's term of imprisonment draws to a close, the BOP is better suited than the Court to assess the question of placement, given the particular circumstances of the prisoner and the available resources within BOP. Whether Defendant is a good candidate for placement in community

confinement during the final months of his sentence, and for how long, is a decision the Court will leave to BOP.

Accordingly,

**IT IS ORDERED** that Defendant's request for a post-sentencing recommendation to the Federal Bureau of Prisons (Docket #39) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 2nd day of April, 2019.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge